IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sandra Ann Sumpter, ) | C/A No. 8:14-3724-BHH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Commissioner of Social Security ) Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Sandra Ann Sumpter ("Plaintiff"), proceeding pro se, brings this action to appeal a denial of social security benefits. Plaintiff is a non-prisoner, and she files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff apparently brings this action based upon the Commissioner's decision to deny her several requests for disability insurance benefits. [Doc. 1 at 1; Doc. 10 at 1.] She seems to allege that she applied for disability insurance benefits in January or December 2008, May 11, 2010, November 15, 2011, December 6, 2013, and July 18, 2014. [Doc. 10 at 1.] She alleges that the decisions on those applications were "unflavorable[sic]." [*Id.*] This Court presumes that the decisions were unfavorable. Further, Plaintiff answered a Court's Special Interrogatory in the negative as to whether a Social Security Administrative Law Judge (ALJ) has issued a written decision(s) on her application(s) for disability benefits. [*Id.*] Additionally, although this Court directed her to attach a copy of any decision or notification by the Appeal Council, Plaintiff did not attach anything to her Answers to Court's Special Interrogatories. [*See* Doc. 10.]

Plaintiff alleges generally that she has applied and appealed numerous times and that she is truly disabled and cannot work. [Doc. 1 at 1.] In support of her contention, Plaintiff attached to the Complaint several statements by witnesses who state that she has trouble walking and moving around, is in pain, and cannot do household chores very well. [Doc. 1-2 at 1–8.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

From the Complaint and Plaintiff's Answers to Court's Special Interrogatories, it appears that Plaintiff has not exhausted all administrative appeal remedies with the Social Security Administration, and, thus, this action should be dismissed. Congress provided that an individual who is not satisfied with a Commissioner's final decision related to a request for benefits may file an action against the Commissioner in the United States District Court to appeal the Commissioner's decision. *See* 42 U.S.C. § 405(g). It is well settled that a United States District Court does not have jurisdiction to judicially review a decision by the Commissioner until it is considered to be a final decision. *Blair v. Astrue*, C/A No. 8:11-2099-RMG, 2012 WL 1019334, at *1 (D.S.C. March 26, 2012) (the plaintiff had failed to timely submit a request for reconsideration following the initial denial of disability; thus, she had failed to exhaust her administrative appeal remedies to obtain a judicially reviewable final agency decision), *aff'd*, 474 F. App'x 933 (4th Cir. 2012). The usual procedure after receiving a denial of the application for benefits is to file a request for reconsideration. *See Guess v. Soc. Sec. Admin.,* C/A No. 3:12-1092-CMC-PJG, 2012 WL 3029470, at *2–3 (D.S.C. July 12, 2012), *adopted in part*, 2012 WL 3029467 (D.S.C. July 25, 2012). If the request for reconsideration is denied, the claimant would file a request for hearing by Administrative Law Judge (ALJ), and, after a hearing, the ALJ would issue a written decision. *Id.* If that decision is unfavorable, the claimant would seek review by the Appeals

Council. *Id.* Thereafter, the claimant may proceed to a United States District Court seeking judicial review. *Id.*

In this case, Plaintiff indicated that she has not obtained a written decision after a hearing from a Social Security Administrative Law Judge as to any of her disability benefit claims. Further, although this Court directed her to attach a copy of any decision or notification by the Appeal Council, Plaintiff did not attach anything to her Answers to Court's Special Interrogatories. Therefore, Plaintiff has not obtained a final decision that this Court may review. Because this action is premature until such time as Plaintiff obtains a final decision by the Commissioner, it should be dismissed without prejudice for lack of jurisdiction. *See id.*

## RECOMMENDATION

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                                            s/Jacquelyn D. Austin
                                                            United States Magistrate Judge

December 2 , 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).